**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-60013

(Summary Calendar)
_____

MAXIM MANUFACTURING CORPORATION,

Plaintiff-Appellant,

versus

ILLINOIS INSURANCE EXCHANGE, ET AL,

Defendants,

ALLIANCE GENERAL INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Southern District of Mississippi
(3:94-CV-736-LN)
_____

August 6, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Plaintiff Maxim Manufacturing Corporation ("Maxim") appeals the district court's order granting Defendant Alliance General Insurance Company's ("Alliance") motion for summary judgment. We affirm.

_____

[*]    Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Alliance issued Maxim a products liability insurance policy that covered legal expenses and compensatory damage awards associated with Maxim's products.  The insurance policy contains a self-insured retention endorsement ("SIR"), which functions as a deductible.  The policy provides as follows:

> The insured's retention may be chargeable by the following:
> A.   All compensatory amounts which the insured shall become legally obligated to pay as damages because of bodily injury or property damaged sustained by one or more persons or organizations.  The retention amount will apply on an each claim basis regardless of the number of claims arising out of one occurrence.

The policy lists the SIR amount as $100,000.00 for each claim.  The term "claim" is not defined by the policy.

During the effective period of the policy, two children were killed by a fire in South Carolina.  The children's father, Walter Andrews, filed a wrongful death action against Maxim in federal district court in South Carolina, alleging that the fire was caused by a defective kerosene heater distributed by Maxim.  After a trial, judgment was entered for Maxim.  The case was subsequently settled while the appeal was pending.  The defense of the wrongful death action resulted in over $150,000.00 in legal costs and other expenses.  After paying the first $100,000.00 of these incurred expenses, Maxim maintained that it had fulfilled its obligation under the SIR.  Alliance disagreed, asserting that the South

Carolina wrongful death action involved two separate claims because two children were killed in the fire. Accordingly, Alliance maintained, Maxim was responsible for the first $200,000.00 of incurred expenses, because the policy's SIR amount is $100,000.00 for each claim. Maxim filed a declaratory judgment action against Alliance in federal district court in Mississippi, seeking a declaration that the South Carolina wrongful death action constituted only one "claim," as that term is used in the SIR. Alliance filed a motion for summary judgment, which the district court granted. *Maxim Mfg. Corp. v. Alliance General Ins. Co.*, 911 F. Supp. 239 (S.D. Miss. 1995). Maxim filed a timely notice of appeal.

II

Maxim argues that the district court erred when it granted Alliance's motion for summary judgment. Specifically, Maxim argues that the district court improperly interpreted the word "claim" in the SIR. We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 725 (5th Cir. 1995). A district court's interpretation of an insurance policy presents a question of law. *Old Republic Ins. Co. v. Comprehensive Health Care Assocs., Inc.*, 2 F.3d 105, 107 (5th Cir. 1993).

Under Mississippi law,[1] unambiguous terms in an insurance policy which are not defined by the policy should be given their plain and ordinary meaning. *Estate of Osborn v. Gerling Global Life Ins. Co.*, 529 So.2d 169, 172 (Miss. 1988). Though no Mississippi case has previously faced the issue, several courts have found the word "claim," when used in insurance policy deductible provisions, to be unambiguous. *See Reynolds v. S & D Foods, Inc.*, 822 F. Supp. 705, 707 (D. Kan. 1993) ("'Per claim' does not apply to each occurrence of an incident causing injury, but instead applies to each assertion by a person that he or she is entitled to compensation due to injury from an incident."); *Lamberton v. Travelers Indem. Co.*, 325 A.2d 104, 106-08 (Del. Super. Ct. 1974) (same), *aff'd*, 346 A.2d 167 (Del. 1975). We also find the term "claim," as used in the SIR provision in this case, to be unambiguous. The language of the SIR makes the distinction between "claim" and "occurrence" explicit, providing that "[t]he retention amount will apply on an each claim basis regardless of the number of claims arising out of one occurrence."

"Claim" has been defined as "a challenging request, a demand of a right, a calling upon another for something due, a demand for benefits or payment, or a title to something in the possession of

---

[1] The parties agree that the insurance policy at issue in this case should be interpreted according to Mississippi law. Although Alliance's principal place of business is in Illinois, the policy was sold through a Mississippi insurance agent, Barksdale Bonding and Insurance, Inc., and was sold to Maxim, a Mississippi product manufacturer.

another." *Reynolds*, 822 F. Supp. at 707 (citing WEBSTER'S THIRD INTERNATIONAL DICTIONARY (1981)).  A claim "belongs to the person making the demand or asserting the right to benefits arising from some loss inflicted upon him." *Burlington County Abstract Co. v. QMA Assocs., Inc.*, 400 A.2d 1211, 404 (N.J. Super. Ct. App. Div. 1979).  In applying this definition to the present case, we agree with the reasoning of the district court:

> In the case at bar, a right of action accrued to the estate of each minor decedent.  And each estate, possessing a cause of action, obviously could have proceeded in a separate action against Maxim.  But Walter Andrews, in his capacities as the personal representative of each of his deceased children's estates, chose to file one lawsuit.  That he did so was merely a procedural choice, not a substantive one.  The plain fact is, the claims were asserted *on behalf of* the estates of two separate individuals, each possessing its own cause of action.  And that fact is not altered by the fact that both estates were represented by the same person.

*Maxim Mfg. Corp.*, 911 F. Supp. at 241 (internal footnote omitted). Accordingly, we find that the wrongful death action filed by Mr. Andrews constituted two "claims," as that term is used in the SIR provision at issue.  We thus hold that the district court did not err in granting summary judgment for Alliance.

III

Based on the foregoing, we AFFIRM.